UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL,

        Plaintiff,                         Case Number: 05-71417

v.                                           HONORABLE AVERN COHN

OFFICER KRAWCZAK, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Perry O. Mackall (Plaintiff) is a state inmate at the Deerfield Correctional Facility in Ionia, Michigan. Plaintiff has filed a *pro se* civil rights complaint. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).

For the reasons that follow, plaintiff's claims against all defendants, except Officer Krawczak and Stephen Marschke, will be dismissed under 28 U.S.C. § 1915(e)(2),[1] because plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that
may have been paid, the court shall dismiss the case at any
time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

II.

A.

Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys.  Haines v. Kerner, 404 U.S. 519 (1972).  However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief."  Mullins v. Smith, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998).

B.

Plaintiff alleges that defendant Officer Krawczak placed him in danger of serious physical harm by showing other inmates prison files which reflected that Ppaintiff was imprisoned pursuant to a criminal sexual conduct conviction.  Plaintiff further alleges that defendant Steven Marschke failed to investigate claims that Officer Krawczak was placing his life in jeopardy.  Plaintiff also names thirty-one additional individuals as defendants.  These additional defendants, along with defendants Krawczak and Marschke, are listed in "Attachment A" to the complaint.

Plaintiff also alleges that defendant Inspector Fenby was responsible for conducting an investigation of plaintiff's complaints against Officer Krawczak, but that Inspector Fenby's investigation prompted Officer Krawczak to further harass plaintiff.  Plaintiff, however, does not allege that Inspector Fenby, in conducting his investigation, deprived Plaintiff of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986).  Therefore, the Court shall dismiss Plaintiff's claims against Inspector Fenby.

With respect to the remaining thirty defendants listed in Attachment A, plaintiff fails to reference them in the body of the complaint or to make any specific allegations against any of these thirty defendants.  Thus, even holding plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, plaintiff fails to state a claim upon which relief may be granted with respect to all named defendants, except defendants Krawczak and Marschke.  The Court, therefore, dismisses all defendants other than defendants Krawczak and Marschke.

III.

For the reasons stated above, plaintiff's claims against  Defendants Patricia L. Caruso, John Rubitschun, Carmen D. Palmer, Daniel J. Wilson, William Christian, III, Lillian Tefft, Haresh B. Pandya, Julie Tudor, Jan Trombley, Patricia Best, Dennis Kennedy, Mike Cox, R. Smith, Paul H. Renico, James Townsend, David Fenby, Jane Doe I, E. Hunt, Beth Davis, Rickey Coleman, Jane Doe II, William Adams, Vicki McCabe, Joseph Novak, Billy Ray Thompson, David Mullikin, John Doe I, John Doe II, P. Salamino, Paula Meyer, and Michigan Department of Corrections are **DISMISSED**. Plaintiff's claims against defendant Officer Krawczak and Stephen Marschke continue.

**SO ORDERED**.

Dated:  May 11, 2005            s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 11, 2005, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager,  (313) 234-5160